PER CURIAM.
This disciplinary proceeding by The Florida Bar against Gary E. Chase, a member of The Florida Bar, is presently before us on complaint of The Florida Bar and report of referee. Pursuant to article XI, Rule 11.06(9)(b) of the Integration Rule of The Florida Bar, the referee’s report and record were duly filed with this Court. No petition for review pursuant to Integration Rule of The Florida Bar 11.09(1) has been filed.
Having considered the pleadings and evidence, the referee found as follows:
A. Respondent is, and at all times hereinafter mentioned was, a member of The Florida Bar, subject to the jurisdiction and disciplinary rules of the Supreme Court of Florida.
B. On or about November 28, 1983 respondent undertook representation of One Susan Blecka (hereinafter referred to as “Blecka”) in connection with a misdemeanor charge pending against Blecka in Palm Beach County, Florida, requesting and receiving payment of a $250.00 legal fee on account of such representation.
C. On or about January 16, 1984, Blecka, having received no written or verbal communication from respondent, was arrested pursuant to a warrant, taken to jail, booked and informed by representatives of the State of Florida that the misdemeanor charge aforesaid was “nol prossed” and the underlying charge refiled as a felony.
D. Blecka informed respondent of the foregoing by telephone on January 16, 1984 and reconfirmed the same in a meeting with respondent at respondent’s office on January 18, 1984 at which time respondent assured Blecka that he would attend the arraignment scheduled for February 10,1984 and requested an additional $500.00 legal fee which Blecka paid.
E. Respondent thereafter failed to file a notice of appearance and waiver and failed to communicate with Blecka despite numerous requests from Blecka requesting information regarding her case which messages were recorded on an answering machine maintained by respondent at his office and/or received by one Richard DeToma, a non-lawyer employed by respondent.
F. After recording numerous additional telephone messages on respondent’s answering machine, all of which were ignored by respondent, Blecka finally established telephone contact with the said Richard DeToma on February 13, 1984 who informed Blecka that the arraignment was continued to February 17, 1984 and that respondent would attend the same and take care of all matters pertaining thereto.
G. Relying on the representation aforesaid Blecka did not attend the February 17, 1984 arraignment.
H. Respondent failed to attend such arraignment, make any arrangements for substitute counsel or inform the court or Blecka of his intention not to attend.
I. As a result of respondent’s failure to attend the February 17, 1984 arraignment, his failure to communicate with Blecka, his failure to file a notice of appearance and waiver, and his failure to communicate with the court, the bond previously posted by Blecka on her initial arrest was ordered to be cancelled and a warrant was issued for Blecka’s arrest.
J. Upon being advised of the foregoing on February 17, 1984, Blecka immediately attempted to communicate with respondent by telephone and by personal appearance at respondent’s office where Blecka was informed by the said Richard DeToma that respondent’s whereabouts were unknown.
K. Blecka thereupon attempted to contact.respondent at his home but was informed by a person identifying herself as respondent’s wife that respondent’s whereabouts were unknown.
L. Blecka thereafter continued in her attempt to contact respondent by calling respondent numerous times on February 17, 18, 19 and 20, 1984, each time reach *985 ing an answering machine, each time leaving messages.
M. Respondent failed to communicate with Blecka until February 20, 1984, at which time Blecka terminated respondent as her attorney.
N. During the course of events as hereinabove recited respondent relied upon one Richard DeToma, a non-lawyer employed by him, to receive messages from respondent’s clients and inform respondent of such messages.
O. In or about November, 1983 respondent discovered that the said Richard DeToma was performing his duties as respondent’s law clerk in an unsatisfactory manner and specifically discovered that the said Richard DeToma was negligent in informing respondent concerning messages received by the said Richard DeToma addressed to respondent.
P. Despite such discovery and despite respondent’s subsequent observations during the intervening months up to and through February, 1984 that the said Richard DeToma continued to perform poorly and to neglect passing along messages to respondent, respondent nonetheless continued to employ the said Richard DeToma and continued to repose in the said Richard DeToma various responsibilities including the receiving and passing along of messages for respondent.
Q. Respondent claims not to have received messages directed to him left with the said Richard DeToma during the period of time hereinabove made reference to.
The referee recommends that respondent be found guilty of violating Disciplinary Rules 3-104(0) and 6-101(A)(3) of the Code of Professional Responsibility and that respondent receive a public reprimand.
Having carefully reviewed the record, we approve the findings and recommendations of the referee and the publication of the opinion in Southern Reporter shall serve as respondent’s public reprimand.
Judgment for costs in the amount of $556.31 is hereby entered against respondent, for which let execution issue.
It is so ordered.
ADKINS, Acting C.J., and ALDERMAN, MCDONALD, EHRLICH and SHAW, JJ., concur.